## IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN ILLINOIS

| | |
|---|---|
| **SHRANDA CAMPBELL,** | **) CASE: 19cv3827** |
| **PLAINTIFF,** | **) JUDGE_____** |
| **v.** | **) JUDGE_____** |
| **FORD MOTOR COMPANY,** | **)** |
| **DEFENDANT.** | **)** |

### THIRD AMENDED COMPLAINT

NOW COMES Plaintiff Shranda Campbell, by one of her attorneys, Christopher Cooper, and complains as follows against Defendant, Ford Motor Company:

### Nature of Case

1. This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) ("Title VII"), and under 42 U.S.C. § 1981 ("Section 1981").

### Jurisdiction and Venue

2. Jurisdiction over the Plaintiffs' federal law claims exists pursuant to 28 U.S.C. § 1331 as these claims involve Federal Questions under Title VII (42 U.S.C. § 2000e) and Section 1981 (42 U.S.C. § 1981 and §1981a).

3. This Court has Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's state law claims which arise out of the same nucleus of operative fact giving rise to the federal law claims.

4. Venue is appropriate in the Northern District of Illinois pursuant to 28

U.S.C. § 1391(b) as the unlawful employment practices stated herein were, in whole or in part, committed within the Northern District of Illinois. Venue further lies within this judicial district under 28 U.S.C. § 1391(c), since Defendant Ford Motor Company does business in this judicial district at least by operating plants in Illinois.

## Parties

5. Plaintiff SHRANDA CAMPBELL is a legal adult and resident of Cook County, Illinois. Plaintiff was harmed by the Defendant in Cook County, Illinois.

6. Defendant FORD MOTOR CORP is a corporation with a principal place of business at 1 American Rd. Dearborn, MI 48126. The Defendant harmed Plaintiff in Cook County, Illinois at its assembly plant located at 12600 S Torrance Ave. Chicago, Illinois 60633.

## Facts

1. Plaintiff was employed by Ford.

2. Plaintiff is black (African-American).

3. Plaintiff is female.

4. Ford is a recidivist offender that willfully ignored the issues and evidence raised in prior litigation and EEOC findings and has failed to take measures to eradicate known discrimination and harassment from the workplace.

5. Ford knowingly allowed acts of sexual, racial, and retaliatory harassment to occur toward Plaintiff Campbell and fellow female and black employees.

6.     Ford engaged in a pattern and practice of discrimination, harassment, retaliation at least towards Plaintiff and associates including, but not limited to:

a. Sexual assault and attempted rape;

b. Unwelcomed and unwanted sexual advances;

c. Requests for sexual favors;

d. Unwanted and unwelcomed touching and groping;

e. Being subjected to jeers, lewd comments, sexual suggestions, catcalls and the like;

f. Being stared at by male employees who were focused on certain parts of plaintiff's body and/or "elevator eyes";

g. Being subjected to comments or offers of sexual contact or males stating what they could or would like to do to Plaintiffs or other women;

h. Being subjected to men exposing their genitals and/or showing pictures of their genitals;

i. Being subjected to men sharing or displaying pornographic images in the workplace;

j. Graffiti in the workplace;

k. By being ridiculed for having complained and/or being admonished not to complain in the future and/or not to use the harassment hotline;

l. Female employees are referred to as "bitches," "hoes," "whores," "sluts" and "dogs" on an ongoing basis;

m. Sexually offensive graffiti is painted on the walls in the plants and

defendants did not take effective corrective action;

n. Male employees also place sexually offensive graffiti about female employees in the men's bathrooms;

o. Male employees routinely undress in full view of female employees at various areas of the plant;

p. Male employees fail to properly button their uniforms such that their pubic hair is exposed;

q. Male employees would routinely stare at female employees in a sexually offensive manner;

r. Male employees would routinely make crude and lewd comments directed at female employees, such as "Are you cold? I can tell that you are cold by looking at your nipples."

s. Female employees are sometimes exposed to condoms thrown into their work areas or tool boxes;

t. Female employees are subjected to whistles, offensive touching, gazing and comments such as "what color are your underclothes?" on a daily basis;

u. At various times, male employees would rub against females, pretending as though they dropped something on the floor;

v. In many instances, this harassment occurs in the presence of Ford's supervisors and Ford would take no disciplinary action, or insufficient action, against employees who engage in such sexually offensive conduct;

w. Defendants' Human Resources and Labor Relations personnel routinely reveal confidential medical information regarding female employees to Plaintiff's workers in the plants;

x. After such information is leaked, male employees subjected female employees to ridicule, offensive jokes and embarrassment;

y. Male employees have historically been paid for overtime that they did not work, while female employees are required to work every hour that they are paid;

z. Males are allowed personal days even when not entitled to them, while female employees are harassed and are not given such days off;

aa. Female employees that complained were written up or threatened with termination;

bb. Ford's male supervisors routinely assigned tasks to employees on a discriminatory basis by assigning better tasks to those female employees who submit to their sexual advances or who agree to go out with them;

cc. The less desirable tasks would be assigned to the female employees who reject or do not submit to their sexual advances;

dd. On many occasions, female employees would see soiled sanitary napkins moved from the ladies' room to the aisles where they are in full view of male employees and supervisors;

ee. Males would make lewd comments such as "look at these -- old nasty bitches" as they walked past;

ff. Male employees and supervisors regularly sabotage the work areas

5

of female employees in different and innumerable ways;

gg. On numerous occasions, female employees would have phallic symbols (penis-like objects) thrown in their work areas, tool boxes, or thrown at them. Such objects would sometimes be carved out of rubber hoses, Styrofoam, etc. by some male employees during their breaks;

hh. Some female employees would frequently find pictures of penises placed on their tool boxes or work areas;

ii. On a daily basis, women are harassed, denigrated and referred to as "bitch," stupid bitch," "you fucking people," mother-fuckers, "cunt," and "fucking bitches";

jj. Male employees and supervisors call woman who make sexual harassment complaints "snitch bitches";

kk. At various locations in Defendant's plants, posters and drawings that are humiliating to women are posted or displayed, including: pictures and posters of nude women, sex organs, female private parts, people performing sex acts, lesbians having intercourse, penises, pictures of black women performing oral sex on white men, etc. Some of these pictures are in full view at various places throughout the plants.

7. Male employees routinely make discriminatory and harassing remarks and gestures in front of supervisors and managers who take no action to discipline employees, to eradicate the harassment or maintain an appropriate workplace environment.

8. Defendant maintained a pattern and practice of inferior treatment

of females, including Plaintiff, with respect to the terms and conditions of employment, including job assignments, harassment, training, promotions and overtime assignments.

9.    Ford is aware of the ongoing discrimination and harassment which occurs on a daily basis in an open manner, such that it is observed by employees and supervisors, and has turned a blind eye toward it.

## COUNT 1
## TITLE VII-SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT

10.    Plaintiff adopts, realleges and incorporates by reference the allegations contained in previous paragraphs of this Complaint.

11.    Plaintiff Campbell incorporates by reference her separate EEOC charges related to sexual harassment she experienced at Ford.

12.    Supervisor Rich Murray pushed his penis/pelvis into/against Shranda Campbell's buttocks.

13.    Supervisor Rich Murray inappropriately touched Campbell's shoulders, waist and body making her feel uncomfortable and violated.

14.    Campbell was told by fellow worker Kim Sykes that a male co-worker physically assaulted her a with a "half-nelson" while using his free arm to grope Sykes' buttocks.

15.    In Campbell's presence, Ford employee Kevin Clayton stated, "Only thing black girls can do for me is suck my dick."

16.    Campbell witnessed Sykes having been called a bitch and whore by male employees because Sykes had complained of the aforementioned.

17.     Campbell witnessed a female employee performing oral sex on a team leader and that Campbell believes the act may have been nonconsensual.

18.     When Campbell and her associate complained about being sexually assaulted, both were criticized and ridiculed for being "bitches" and "hoes" for complaining about sexual assaults.

19.     In addition to sexually harassment and a hostile working environment described elsewhere in this Complaint, the Plaintiff suffered sexual harassment by having been subjected to a hostile working environment.

20.     Ford terminated Plaintiff for protected activity.

21.     The foregoing incidents and others like them were severe or pervasive, altered the terms and conditions of Plaintiff's employment and subjected Plaintiff to a hostile workplace environment.

22.     Plaintiff complaint about sexual harassment but Defendant failed to take prompt remedial action.

23.     As a direct and proximate result of the foregoing acts of sexual harassment, Plaintiff suffered damages, including lost time from work, anxiety, humiliation and emotional distress, and have otherwise suffered physical or psychological injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court provide the following equitable and monetary relief:

a. Order Ford to implement effective steps to eliminate and remediate harassment and discrimination in the workplace;

b. Enjoin Ford from discriminating against or harassing the Named Plaintiff;

c. Appoint a monitor to supervise workplace conditions in each plant for a period of at least five (5) years;

d. Retain jurisdiction for the monitoring period to enforce the terms of any injunction, agreement or order;

e. Award back pay, lost future earnings, and reimbursement for lost income and for lost fringe benefits;

f. Award compensatory damages;

g. Award liquidated damages, if applicable;

h. Award punitive damages;

i. Award prejudgment interest;

j. Award reasonable attorney's fees, expert witness fees, expenses and Plaintiff's costs;

k. Grant such Plaintiff's relief as the Court deems equitable and just.

## COUNT 2
## TITLE VII-GENDER/SEX DISCRIMINATION

24.    Plaintiff adopts, realleges and incorporates by reference the allegations contained in previous paragraphs of this Complaint.

25.    Plaintiff was treated differently than her male counterparts.

26.    Plaintiff was subjected to a hostile working environment, sexual harassment, gender discrimination and discriminatory comments from supervisors and coworkers which males are not required to endure as a condition of their employment.

27.     Plaintiff was given different work assignments than male counterparts and told that they are not being assigned to perform certain tasks "because they are women."

28.     Ford failed to stop and/or remedy this ongoing harassment, and male supervisors and employees continue to openly refer to women as "bitches" and to women who complain as "snitch bitches."

29.     Ford failed to promptly discipline or reassign any males about whom Plaintiff complained and did not conduct a thorough or timely investigation of Plaintiff's complaints.

30.     As a direct and proximate result of the foregoing acts of gender discrimination, Plaintiff was damaged in that she lost and/or was deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and has otherwise suffered physical or psychological injuries.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court provide the following equitable and monetary relief:

a. Order Ford to implement effective steps to eliminate and remediate harassment and discrimination in the workplace;

b. Enjoin Ford from discriminating against or harassing the Named Plaintiff and Ford's employees;

c. Appoint a monitor to supervise workplace conditions in each plant for a period of at least five (5) years;

d. Retain jurisdiction for the monitoring period to enforce the terms of any

injunction, agreement or order;

e. Award back pay, lost future earnings, and reimbursement for lost

income and for lost fringe benefits;

f. Award compensatory damages;

g. Award liquidated damages, if applicable;

h. Award punitive damages;

i. Award prejudgment interest;

j. Award reasonable attorney's fees, expert witness fees, expenses and

Plaintiff's costs;

k. Grant such Plaintiff's relief as the Court deems equitable and just.

### COUNT 3
### RACE DISCRIMINATION UNDER §1981

31.     Plaintiff adopts, realleges and incorporates by reference the

allegations contained in previous paragraphs of this Complaint.

32.     Defendant's treatment of the Plaintiff denied her the full and equal

treatment benefit of all laws for the security of persons and property "as is

enjoyed by white citizens" in violation of 42 U.S.C. §1981.

33.     Plaintiff was subjected to a racially hostile workplace environment

that provided white employees more favorable terms and conditions of

employment, including, but not limited to:

i.      White employees are given preference in promotions, especially at

Ford's Stamping Plant;

ii.     Ford promotes some hourly employees into lower-level managers

roles, carrying titles of "Team Leaders" and "Utilities" (Utilities assist Team

Leaders and serve in their place in their absence).

    iii.    Ford, through its white Supervisors, including Brad Swing and Roy

Erdman trained Exum, Campbell and other African American employees

as "Utilities" and had them working for many months in that position in an

"acting as" capacity.

vi. Ford promoted a white co-worker from the assembly line who had not

been previously trained as a Utility named Kevin Clay into the Utility

position over Plaintiff Campbell and other African American employees

that had been trained for that position and who had been "acting as"

Utilities.

vii. Ford did not officially promote Campbell nor pay her the same hourly rate

for similar work being performed by other white Utilities on their shift and in

their department.

viii. Of approximately twelve (12) Utilities on First Shift, none were black.

ix. Eventually, Campbell was informed that if she wanted to work as a

Utility, she needed to apply for an open Utility position on 3rd Shift – a

less desirable shift.

x. Since moving to Third Shift, Campbell has experienced that white

Supervisors Ed Smith and Mark Olsen repeatedly deny black female

employees including herself and Deedee Perkins proportional overtime

opportunities relative to similarly situated white employees.

xi. Smith and Olsen are frequently given overtime to white male employee

Octavia to perform Set-up Utility work, despite that his job classification is

as a Schuler, because Campbell, Perkins and other African Americans

would otherwise receive the overtime chance by virtue of being at the top

of the Overtime Equalization list.

xii. Campbell and Perkins complained about this to Don Byers, but when

Byers investigated, he found that Olsen admitted misclassifying Octavia

to allow him overtime, but that Olsen refused to provide equal overtime

opportunities to African American utilities.

xvii. In 2015, Campbell was interviewed, and other African American employees

applied for a promotion to "Team Leader."

xviii. Campbell was told she "did not have enough knowledge" for the position,

however, Tracy Longtin, a white coworker with less than one year of seniority

and experience at Ford was promoted to that Team Leader position.

   34.   Between 2012 and the present, Ford has tolerated a racially

Discriminatory workplace environment in which symbols of racism are

permitted to be posted and to remain in plain sight of African American

employees, such as:

i. A noose has been hung in the Stamping Plant in plain view of African

American employees, including Exum and Campbell;

ii. Constant reminders of racism have been painted in the restroom and

Campbell and other African American employees have been forced to

endure these reminders. By way of example, these statements have

included "Why did you hire all these niggers?" Despite numerous

complaints, Ford permitted this particular statement to remain posted in

the restroom for a substantial period of time.

35. Racial (and sexist) epithets have been yelled by white employees Toward black employees at the Stamping plants, including in Plaintiff's presence, including that Campbell has recently experienced a white employee named Larry yelling that an African American female Sharon Hawkins was a "black nigger bitch" while threatening to stab her with a screwdriver.

36. As a result of the foregoing intentional conduct, Plaintiff has been denied equal rights and have been denied equal enjoyment of the benefits, privileges, terms and conditions of employment as white employees.

37. As a direct and proximate result of the foregoing acts of racial discrimination, Plaintiff was damaged in that she lost and/or was deprived of income opportunities, suffered anxiety, humiliation and emotional distress, and has otherwise suffered physical or psychological injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court provide the following equitable and monetary relief:

a. Order Ford to implement effective steps to eliminate and remediate harassment and discrimination in the workplace;

b. Enjoin Ford from discriminating against or harassing the Named Plaintiff and Ford's employees;

c. Appoint a monitor to supervise workplace conditions in each plant for a period of at least five (5) years;

d. Retain jurisdiction for the monitoring period to enforce the terms of any

injunction, agreement or order;

e. Award back pay, lost future earnings, and reimbursement for lost

income and for lost fringe benefits;

f. Award compensatory damages;

g. Award liquidated damages, if applicable;

h. Award punitive damages;

i. Award prejudgment interest;

j. Award reasonable attorney's fees, expert witness fees, expenses and

Plaintiff's costs;

k. Grant such Plaintiff's relief as the Court deems equitable and just.

## COUNT 4
## TITLE VII-RETALIATION

38.     Plaintiff incorporates by reference the allegations contained in
previous and in her EEOC Charge.

39.     Plaintiff was retaliated against for refusing and complaining about
sexual advances, comments, innuendo, and lurid foul and offensive language.

40.     In retaliation for the Plaintiff's complaints and for filing charges of
discrimination with the EEOC, Ford retaliated against this Plaintiff in the
following ways:

a. repeatedly assigning unfair discipline against Plaintiff in an effort to
write her up;

b. After Plaintiff complained about being sexually harassed by Rich
Murray, Murray told Plaintiff "you aren't running the line anymore";

c. Although Plaintiff had been "acting as" a Utility (PTM worker) and was due

for a raise and official promotion in title,

Murray refused to officially promote Plaintiff;

d. Murray demoted Plaintiff from working as a Utility and reassigned her

back to a non-managerial position on the production line;

e. sent Plaintiff home early for the remainder of a shift without pay;

f. denied Plaintiff overtime opportunities that were otherwise offered to

employees who did not complain.

41.     Ford's retaliatory acts against Plaintiff constitute materially

adverse employment actions.

42.     Plaintiff's complaints and the filing of this lawsuit led to or was a

major factor in the adverse employment actions she suffered.

43.     As a direct and proximate result of the foregoing acts of retaliation,

Plaintiff has been damaged in that she has lost or been deprived of income

opportunities, has suffered anxiety, humiliation and emotional distress, and

has otherwise suffered physical or psychological injuries.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully

requests that this Court provide the following equitable and monetary relief:

a. Order Ford to implement effective steps to eliminate and remediate

harassment and discrimination in the workplace;

b. Enjoin Ford from discriminating against or harassing the Named

Plaintiff and Ford's employees;

c. Appoint a monitor to supervise workplace conditions in each plant for a period of at least five (5) years;

d. Retain jurisdiction for the monitoring period to enforce the terms of any injunction, agreement or order;

e. Award back pay, lost future earnings, and reimbursement for lost income and for lost fringe benefits;

f. Award compensatory damages;

g. Award liquidated damages, if applicable;

h. Award punitive damages;

i. Award prejudgment interest;

j. Award reasonable attorney's fees, expert witness fees, expenses and Plaintiff's costs;

k. Grant such Plaintiff's relief as the Court deems equitable and just.

**COUNT 5**
**BATTERY**

44.     Plaintiff adopts and incorporates by reference the allegations in Previous paragraphs.

45.     Plaintiff was subjected to a harmful or offensive touching, without her consent, by one or more of the Defendant's supervisors, managers and/or employees.

46.     Defendant took no steps to prevent Plaintiff from suffering a battery.

47.     The supervisors, managers and/or employees engaging in this conduct did so with the intent to harm the Plaintiff.

48. As a direct and proximate result of the foregoing conduct, the Plaintiff suffered personal injuries, bodily damage, became sore, lame, sick and disabled, suffered mental anguish, anxiety and humiliation, emotional distress and other forms of personal injury and bodily damage.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court provide the following equitable and monetary relief:

a. Award compensatory damages;

b. Award prejudgment interest;

c. Award reasonable attorney's fees, expert witness fees, expenses and Plaintiff's costs;

d. Grant such Plaintiff's relief as the Court deems equitable and just.

## **COUNT 6, NOPT OPERABLE. PRESERVED FOR APPEAL**
## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49. The Plaintiff adopts, realleges and incorporates by reference all of the allegations in previous paragraphs.

50. Defendant, through its supervisors, managers and employees, intended to cause Plaintiff severe emotional distress.

51. Defendant's conduct and the conduct of its supervisors, managers and employees was extreme, outrageous and beyond the bounds of moral decency.

52. Defendant's conduct and the conduct of its supervisors, managers and employees was so outrageous that no reasonable person could be expected to endure it.

53.     As a direct and proximate result of the Defendant's conduct and the conduct of its supervisors, managers and employees, the Plaintiff suffered severe emotional distress and was damaged.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Court provide the following equitable and monetary relief:

a. Award compensatory damages;

b. Award prejudgment interest;

c. Award reasonable attorney's fees, expert witness fees, expenses and Plaintiff's costs;

d. Grant such Plaintiff's relief as the Court deems equitable and just.

**\*Plaintiff hereby makes a demand for a Jury.**
DATED: 6-7-2019
Respectfully Submitted,
s\Christopher Cooper, ESQ., One of Plaintiff's Counsel
Law Office of Christopher Cooper, INC.
79 W. Monroe St., Ste. 1213, Chicago, IL 60603 [or]
426 N. Broad Street, Griffith, Indiana 46319
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com


Certificate of Service: The undersigned certifies that he caused the foregoing to be filed on ECF on 6/7/2019 and that Defendant is a registered e-filer.
s\Christopher Cooper