IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHRANDA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:19-cv-03827 |
| | ) | |
| vs. | ) | *Pending reassignment to:* |
| | ) | Honorable Robert M. Dow, Jr. from |
| FORD MOTOR COMPANY, | ) | Honorable John Z. Lee |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FORD MOTOR COMPANY'S
MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

After Plaintiff Shranda Campbell retained new counsel to represent her in *Van et al. v. Ford Motor Co.*, No. 14-cv-8708 (N.D. Ill.) ("*Van*") (Dow, J.), she and Ford reached an agreement—incorporated into a Joint Status Report—under which Campbell's claims would be severed from those of the putative class members in *Van*; she would file a new complaint, which would "track verbatim the individual allegations" she made "in the Second Amended Complaint filed in the *Van* Case"; and her claims would be brought "on an individual basis only, and not on a class or collective basis." *See* Dkt. 389. ¶¶ 2, 6.[1] The Court "adopt[ed] the parties' proposal," and ordered that Campbell file a new complaint as set forth in the parties' proposal. Dkt. 391.

Campbell, however, failed to abide by the parties' agreement and this Court's instruction. Instead, she has reproduced in her complaint several lengthy paragraphs of *class* allegations from the Second Amended Complaint in *Van* (the "*Van* Complaint" or "SAC," Dkt. 59), which are not relevant to her individual claims (and which Ford is vigorously contesting in *Van*). *Compare* Compl. ¶¶ 4-9 *with Van* SAC ¶¶ 41-45, 47. If Campbell had wanted to rely on the class

---

[1] All references to the docket ("Dkt.") cited herein are to the docket in the *Van* case.

allegations in *Van*, she should have remained in that case. But having decided to pursue her own, separate action, and to enter into an agreement with Ford regarding the scope of the complaint that she would file to initiate that action, Campbell must be held to her word and her representations to the Court.

For these reasons and those set forth in further detail below, the Court should strike the class allegations in Paragraphs 4 through 9 of Campbell's complaint.[2]

## PROCEDURAL HISTORY

On March 8, 2019, Plaintiff Shranda Campbell, apparently dissatisfied with her representation in the *Van* case, moved to substitute counsel. *See* Dkt. 377. Shortly thereafter, the Court directed the parties "to consider whether Campbell[]'s claims should remain part of [the *Van*] action" or instead "be carved out into a separate docket." Dkt. 386. In response, the parties submitted a Joint Status Report, memorializing their agreement as to how Campbell's claims should proceed. Dkt. 389. Campbell agreed to file a "separate and independent civil action," with a complaint that would "track verbatim the individual allegations [she] . . . made in Counts 1, 2, 4, 11, 44, 67 and 98 (for purposes of appeal only)" in the *Van* SAC. *Id.* ¶ 2 (emphasis added). Campbell further agreed that her claims would "proceed on an individual basis only, and not on a class or collective basis." *Id.* ¶ 6. Ford agreed not to move to dismiss Campbell's complaint "[p]rovided that the allegations in the complaint in the Separate Action *are identical* to Campbell[]'s individual allegations in the *Van* Case." *Id.* ¶ 3 (emphasis added).

The Court ratified the parties' agreement and ordered Campbell to file a separate complaint within 10 days of April 8, 2019. Dkt. 391. Over a month later, Plaintiff's counsel instead sought referral to Magistrate Cummings to "resolv[e] the dispute of how the Campbell

---

[2] Ford's counsel met and conferred with Campbell's counsel prior to filing this motion and understands that this motion is opposed.

2

complaint should be worded." Dkt. 399. Ford responded by requesting "that Plaintiff be ordered to abide by this Court's prior instruction" and the plain terms of the parties' agreement regarding Campbell's complaint. Dkt. 404 at 2. As Ford explained, "the most efficient path forward would be for Plaintiff to simply file her new complaint," and for Ford to "move to strike the complaint or any portions thereof" that "do[] not track the allegations she made in the *Van* Second Amended Complaint, or otherwise fails to adhere to the parties' agreement." *Id.* ¶ 5.

The Court agreed with Ford, denied Plaintiff's request for a referral, and again "direct[ed] counsel for Plaintiff Campbell to do their best to file a complaint that comports with the Court's prior direction," instructing the parties that "any legitimate disputes about the content of the complaint" would be addressed through "responsive pleadings and motion practice." Dkt. 405.

On June 7, 2019, Campbell filed her complaint. Contrary to the parties' agreement, Campbell's complaint does not "track verbatim the individual allegations [she] . . . made in Counts 1, 2, 4, 11, 44, 67 and 98 (for purposes of appeal only)" in the *Van* SAC. Dkt. 389 ¶ 2. Instead, her complaint includes numerous allegations from the *Van* SAC that pertain to the purported experiences of other, unidentified women at Ford, rather than to Campbell's own, individual alleged experiences or claims. Compl. ¶¶ 4-9.[3]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

---

[3] Campbell also added several new individual factual allegations throughout her complaint. *See, e.g.*, Compl. ¶¶ 14-17, 20. Ford does not seek to strike these individual allegations at this time. However, Ford does not concede that these allegations or any of the individual claims asserted by Campbell have been adequately pled or have any legal merit. *See* Dkt. 389 ¶ 7. Ford likewise does not waive any affirmative defenses that it may have to any of Campbell's claims. *See id.* In particular, Ford reserves the right to raise any and all statute of limitations defenses, and to argue that Campbell failed to satisfy administrative prerequisites prior to filing suit. *See id.* ¶ 5.

Civ. P. 12(f). Motions to strike are appropriately "used to expedite a case by remov[ing] unnecessary clutter," *Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14-CV-8978, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017) (Dow, J.) (citation and quotation marks omitted), or to "remove irrelevant issues from consideration," *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 2015 WL 1520375, at *3 (N.D. Ill. Mar. 30, 2015). "A district court has broad discretion to grant or deny a motion to strike." *Drager v. Bridgeview Bank*, No. 1:10-CV-7585, 2011 WL 2415244, at *3 (N.D. Ill. June 13, 2011) (Dow, J.) (citation omitted).

## ARGUMENT

Campbell should not be permitted to renege on her agreement—ratified by this Court—that she would file a new complaint that would "track verbatim [her] *individual* allegations" in enumerated counts of the *Van* SAC, and that her claims would proceed "on an *individual* basis only, and not on a class or collective basis." Dkt. 389 (emphases added); *see also* Dkt. 391. Campbell's inclusion of a slew of generalized allegations regarding *other*, unidentified women's supposed experiences directly contradicts the parties' agreement and the Court's order.

Campbell's complaint copies-and-pastes nearly *five pages* of generic allegations from the *Van* SAC that are not specific to her, and concern purported conduct that she does not claim to have experienced. *See* Compl. ¶¶ 4-9; *see also Van* SAC ¶¶ 41-45, 47. (It is not evident what diligence Campbell's new counsel conducted to substantiate the allegations copied verbatim from the work of Campbell's prior counsel.) For example, Campbell incorporates wholesale a list of purported acts of "discrimination, harassment, and retaliation" that Ford allegedly "engaged in . . . at least towards Plaintiff *and associates*." Compl. ¶ 6 (emphasis added). This list includes numerous alleged acts that Campbell does not claim to have experienced personally, such as: "attempted rape;" "[b]eing subjected to men exposing their genitals and/or showing pictures of their genitals;" [b]eing subjected to men sharing or displaying pornographic images in

4

the workplace;" "[m]ale employees routinely undress[ing] in full view of female employees at various areas of the plant;" "[m]ale employees fail[ing] to properly button their uniforms such that their pubic hair is exposed;" and "[f]emale employees [being] sometimes exposed to condoms thrown into their work areas or tool boxes;" among others. *See id.*

If Campbell is permitted to include these types of generic allegations regarding supposed experiences of other, unidentified Ford employees in her complaint, this case will necessarily become "*Van II*," as the parties will be required to re-litigate many of the same issues that already have been subject to extensive class discovery in *Van*. To the extent that Campbell wished to rely on the alleged experiences of other women to support her claims, she should have remained a named Plaintiff in *Van*. Having instead chosen to sever her claims from those of the other *Van* Plaintiffs and putative class members they seek to represent, and having secured Ford's agreement to severance on the express condition that she would limit her complaint to individual allegations only, Campbell cannot now be allowed to renege. *See* Dkt. 389.

This Court should hold Campbell to her word and limit her complaint to "the individual allegations Campbell . . . made in Counts 1, 2, 4, 11, 44, 67 and 98 (for purposes of appeal only)" in the *Van* SAC, Dkt. 389 ¶ 2, which appear (with a few additions, *see supra* note 2) as Counts 1-6 of Campbell's Complaint. "[S]tipulations by a party or its counsel . . . are binding upon the party making them." *Soo Line R. Co. v. St. Louis Sw. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Campbell is bound by the stipulation to which she agreed, *id.*, and cannot incorporate class-like allegations into this action when she explicitly promised that she would not do so.

## CONCLUSION

For the foregoing reasons, the Court should strike Paragraphs 4-9 of the complaint.

5

DATED: June 28, 2019   Respectfully submitted,

  /s/ Kathleen M. Nemechek   Eugene Scalia (admitted *pro hac vice*)
Kathleen M. Nemechek. N.D. Ill. No. 50139   Andrea R. Lucas (admitted *pro hac vice*)
Timothy S. Millman, N.D. Ill. No. 44398   Naima L. Farrell (admitted *pro hac vice)*
BERKOWITZ OLIVER LLP   GIBSON, DUNN & CRUTCHER LLP
2600 Grand Boulevard, Suite 1200   1050 Connecticut Avenue, N.W.
Kansas City, Missouri 64108   Washington, D.C. 20036
Telephone: (816) 561-7007   Telephone: (202) 955-8500
Facsimile: (816) 561-1888   Facsimile: (202) 467-0539

*Counsel for Ford Motor Company*

Karen Kies DeGrand
Mark H. Boyle
Curtiss S. Schreiber
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, Illinois 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of June, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which provided electronic service upon:

>Christopher Cooper
>Law Office of Christopher Cooper, Inc.
>79 West Monroe Street, Ste. 1213
>Chicago, Illinois 60603
>(312) 473-2968
>cooperlaw3234@gmail.com
>
>*Counsel for Plaintiff*

        /s/ Kathleen M. Nemechek
*Counsel for Defendant Ford Motor Company*