IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SHRANDA CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 1:19-cv-03827<br><br>Honorable Martha M. Pacold<br>Honorable Jeffrey Cummings |

### DEFENDANT FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINES

  Defendant Ford Motor Company ("Defendant" or "Ford"), by and through its undersigned counsel, hereby respectfully submits this Response to Plaintiff's Motion for Extension of Discovery Deadlines filed on May 27, 2021. Plaintiff has requested that the Court extend the close of fact discovery from June 1, 2021 to July 30, 2021. As conveyed to Plaintiff's counsel and in the parties' Joint Status Report filed on May 5, 2021 (Dkt. 91), Ford <u>does not oppose an extension of the close of fact discovery for the limited purpose of completing the previously identified and requested depositions; however, Ford opposes a wholesale extension of fact discovery</u> that would allow for the parties to serve new or additional discovery.

  Ford respectfully submits that the parties have had sufficient time to conduct fact discovery—which began in July 2020 and was previously extended—such that this additional extension should be used for the efficient and limited purpose of completing any previously identified discovery that remains outstanding, and not for embarking on new, yet-to-be-identified fact discovery. Ford further states as follows:

1. Plaintiff filed her action against Ford on May 1, 2015, when she joined the putative class action, *Van et al. v. Ford Motor Company*, Case No. 14-cv-8708 ("*Van*"), as a named plaintiff. *See Van* Dkt. 29 – First Amended Class Action Complaint for Injunctive, Monetary and Class Wide Relief.

2. After having participated in and completed putative class discovery, on April 8, 2019, Plaintiff severed her claims from *Van*, and she was instructed to file a separate complaint. *Van* Dkt. 391. On January 6, 2020, Plaintiff filed the operative Fourth Amended Complaint. Dkt. 57.

3. The parties exchanged Rule 26 initial disclosures on July 3, 2020, and exchanged written requests for production and interrogatories on July 17, 2020.

4. Although the fact discovery deadline was originally January 10, 2021, *see* Dkt. 74, the Court granted the parties' request to extend that deadline to April 9, 2021. Dkt. 83.

5. On February 22, 2021, at the parties' request, the Court stayed fact discovery pending settlement negotiations. Dkt. 87.

6. When the parties' settlement negotiations were unsuccessful, on April 2, 2021, the Court lifted the stay and ordered that fact discovery be completed by June 1, 2021. Dkt. 88.

7. After fact discovery resumed, Ford served a second set of requests for production on Plaintiff, seeking records relating to her disability benefits. Ford also served a subpoena on Plaintiff's post-Ford employer, seeking a copy of her personnel records.

8. Ford deposed Plaintiff on May 4, 2021, and Plaintiff deposed current and former Ford employees on May 5, 2021, May 10, 2021, and May 19, 2021. Plaintiff had also noticed the deposition of Ford employee Annita O'Connor for May 12, 2021, but Plaintiff's counsel canceled the deposition due to personal reasons. Prior to the filing of the parties' Joint Status Report on

May 5, 2021 (Dkt. 91), Plaintiff also had requested the depositions of Art Cruz and Bonnie Wojewoda. In the Joint Status Report, the parties brought to the Court's attention their disagreement concerning the applicability of a *Van* discovery order governing the availability and scope of depositions of certain Ford witnesses (O'Connor, Cruz, and Wojewoda), who already were deposed in *Van*. Dkt. 91.

9. Plaintiff's current motion seeks to extend the fact discovery deadline from June 1, 2021 to July 30, 2021. Given Plaintiff's counsel's scheduling conflicts, and the parties' disagreement concerning applicability of the *Van* discovery order to the requested second depositions of O'Connor, Cruz and Wojewoda, Ford does not oppose an extension of the close of fact discovery for the limited purpose of completing these previously identified and requested depositions; however, Ford opposes a wholesale extension of fact discovery that would allow for the parties to serve new or additional discovery.

10. Ford respectfully asserts that the parties have had ample time to conduct fact discovery—which began on July 3, 2020 and was previously extended—such that this additional extension should be used for the efficient and limited purpose of completing any previously identified discovery that remains outstanding, and not for the purpose of expanding fact discovery and propounding new requests that could have been timely served at some point over the prior eleven months.

11. In support of her request for a wholesale extension of the fact discovery deadline, Plaintiff contends that Ford produced almost 3,000 pages of documents in the month of April 2021, and that she needs additional time to review those documents and consider whether to serve new written discovery. Plaintiff's contention is disingenuous.

3

12. To put matters in context, prior to April 2021, Ford already had produced 10,073 pages of documents to Plaintiff. Then, in April 2021, Ford produced an additional 2,885 pages of documents to Plaintiff. <u>Of the documents provided to Plaintiff in April 2021, **only 93 pages** consisted of a supplemental production of new documents belonging to Ford</u>. The other 2,792 pages consisted of copies of Plaintiff's *own medical records* produced by Plaintiff's third party medical providers (1,351 pages); records of Plaintiff's social media (1,302 pages); a copy of Plaintiff's own interrogatory answers she served in *Van* (26 pages); and a copy of Plaintiff's own deposition transcript and exhibits from her first deposition taken in *Van* (113 pages). Of course, these are all documents that Ford originally requested *from Plaintiff* and/or that were already within Plaintiff's custody, possession and/or control. Indeed, Plaintiff does not need to review her own medical records, social media postings, or testimony to decide whether to serve written discovery on Ford. <u>Ford's supplemental production of 93 pages of documents belonging to Ford more than a month before the close of fact discovery does not support Plaintiff's request for more time</u>.

13. Next, Plaintiff asserts that an unlimited extension of fact discovery is necessary because, when she takes one of the previously requested depositions, she might learn of an additional witness to depose. But none of the depositions in this case were noticed until May 2021 despite the existence of a June 1 discovery deadline. In other words, even if these depositions had proceeded as originally noticed, it would have been too late for Plaintiff to propound new, post-deposition, written discovery requests.

14. Plaintiff also asserts that a discovery extension is warranted because, while taking the deposition of Rebecca Taylor, Plaintiff learned that another former Ford employee (Susanne Bennett) had greater involvement in the matters at issue than was initially apparent. But Ms.

4

Bennett was originally disclosed in *both* parties' Rule 26 initial disclosures exchanged on July 3, 2020, and again in *both* parties' interrogatory answers exchanged on September 3, 2020. The nature and extent of Ms. Bennett's involvement in matters at issue in this lawsuit is further reflected throughout the parties' document productions. <u>Stated differently, Plaintiff—who listed Ms. Bennett in her own initial disclosures— could have decided whether to depose Ms. Bennett long before the current June 1 close of fact discovery, but for whatever reason, chose not to do so</u>. She should be held to that choice.

15. Finally, Plaintiff's motion does not describe with particularity any additional written discovery that she purportedly still needs. Nor does she identify any additional deponents, other than one (Susanne Bennett), who she herself identified in her initial disclosures. Instead, Plaintiff merely speculates that she might learn new information when completing the previously identified depositions and/or from Ford's supplemental document productions served in April 2021 (consisting of 93 pages of documents belonging to Ford). But the fact that Plaintiff does not even know *if* she needs additional discovery, or what it might look like, further demonstrates that a <u>wholesale extension of fact discovery is not warranted</u>.

WHEREFORE, for the foregoing reasons, Ford respectfully requests that the Court deny Plaintiff's motion in part and instead grant only a limited extension of the fact discovery deadline to July 30, 2021, for the limited purpose of completing the previously identified and requested depositions.

DATED: May 28, 2021                          Respectfully submitted,

| | |
|---|---|
| Katherine V.A. Smith (admitted *pro hac vice*) | */s/Timothy S. Millman* |
| Molly T. Senger (admitted *pro hac vice*) | Kathleen M. Nemechek, N.D. Ill. No. 50139 |
| GIBSON, DUNN & CRUTCHER LLP | Timothy S. Millman, N.D. Ill. No. 44398 |
| 1050 Connecticut Avenue, N.W. | BERKOWITZ OLIVER LLP |
| Washington, D.C. 20036 | 2600 Grand Boulevard, Suite 1200 |
| Telephone: 202.955.8500 | Kansas City, Missouri 64108 |
| Facsimile: 202.467.0539 | Telephone: 816.561.7007 |
| | Facsimile: 816.561.1888 |

Derek Barella
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: 312.258.5500
Facsimile: 312.258.5600

*Counsel for Ford Motor Company*

**CERTIFICATE OF SERVICE**

      I certify that on this 28th day of May 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system that will send a notice of electronic filing to all counsel of record:

      Edward M. Fox
      Jaclyn Diaz
      Ed Fox & Associates, Ltd.
      300 West Adams Street
      Suite 330
      Chicago, Illinois 60606
      efox@efoxlaw.com
      jdiaz@efoxlaw.com

      *Counsel for Plaintiff*

      */s/Timothy S. Millman*
      *Counsel for Defendant Ford Motor Company*